**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In Re: ) | Case No. 20-43555-169 |
| ) | Chapter 11 |
| Ben F. Blanton Construction, Inc., ) | |
| ) | Hearing Date: July 22, 2020 |
| Debtor. ) | Hearing Time: 2:00 p.m. |
| ) | Hearing Location: Courtroom 7 South |
| ) | |
| ) | Re:  Doc. No. 11 |

**INTERIM ORDER REGARDING DEBTOR'S MOTION FOR ENTRY
OF INTERIM AND FINAL ORDERS (A) AUTHORIZING CONTINUED USE
OF THE DEBTOR'S EXISTING CASH MANAGEMENT SYSTEM; (B)
AUTHORIZING USE OF EXISTING BANK ACCOUNTS AND
BUSINESS FORMS; AND (C) GRANTING RELATED RELIEF**

Upon the Motion of Ben F. Blanton Construction, Inc., debtor and debtor-in-possession in the above-captioned case (the "Debtor"), requesting entry of an order, pursuant to ("Order"), pursuant to sections 105(a), 363, 345(b), and 503(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing and approving the Debtor to continue using their Cash Management System; (b) authorizing the Debtor to continue using the Bank Accounts[1] at Enterprise Bank & Trust and existing checks; and (c) granting related relief, all as more fully described in the Motion [**Dkt. 11**]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and it appearing that venue of the Debtor's chapter 11 case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

32938374v.1

and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary prior to the grant of interim relief on the Motion; and a hearing having been held to consider the relief requested in the Motion; and upon consideration of the Declaration of Jeff Blanton, President of Ben F. Blanton Construction, Inc. in Support of Chapter 1 Petition and First Day Motions [**Dkt. 19**] (the "Blanton Declaration"); and upon the record of the hearing and the proceedings had before the Court; and the Court having found and determined that the interim relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest and is necessary to avoid immediate and irreparable harm; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

1. **ORDERED** that the Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, pursuant to sections 105(a), 345(b), 363, and 503(b)(1), to continue using the Cash Management System in a manner consistent with the Debtor's prepetition practices, as described in the Motion. The Debtor may transfer funds into, out of, and through the Cash Management System, using ordinary transfer methods in accordance with the Debtor's prepetition practices. Without limiting the generality of the foregoing, Debtor is authorized to (a) designate, maintain, and continue to use, with the same account numbers, all of its Bank Accounts in existence on the Petition Date, including those accounts identified in the Motion, (b) treat each Bank Account for all purposes as an account of Debtor in its capacity as debtor in possession, and (c) use, in their present form, all check stock and Business Forms, without reference to the Debtor's status as debtor-in-possession provided that, once the existing checks and Business Forms have been used, the Debtor shall, during the pendency of this chapter 11 case,

reorder new checks and Business Forms that include a stamp to reference the Debtor's status as debtor in possession and the bankruptcy case number.

3. Enterprise Bank & Trust (the "Bank") is authorized to continue to service and administer the respective Bank Accounts as a depository account of a Debtor as debtor-in-possession, without interruption and in the usual and ordinary course of business, and to receive, process, honor, and pay, in accordance with this Interim Order, any or all checks, drafts, wires or electronic funds transfers drawn on such Bank Accounts, including such items issued before the Petition Date to the extent authorized by this Interim Order or a further order of this Court.

4. Except for those checks, drafts, wires, or electronic funds transfers that are authorized or required to be honored under an order of the Court, Debtor shall not instruct or request any Bank to pay or honor any check, draft, or other payment item issued on a Bank Account before the Petition Date but presented to such Bank for payment after the Petition Date.

5. Bank is authorized to accept and rely upon, without further inquiry, all representations from a Debtor as to which checks, drafts, wires, or electronic funds transfers are dated before, on, or after the Petition Date and which checks are to be honored or dishonored, regardless of whether or not such payment or honoring is or is not authorized by an order of the Court. Debtor shall promptly provide a list of checks to Bank for each Bank Account maintained at Bank, specifying by check sequencing number, dollar amount, and payee information those checks that are to be dishonored by Bank, if any, and which checks may include those issued after the Petition Date as well as those issued before the Petition Date that are not to be honored or paid according to any order of the Court, and Bank may honor all other checks or other items.

32938374v.1

6.  Notwithstanding anything to the contrary herein, Bank shall not be obligated to honor any check or other payment item drawn on a Bank Account at such Bank unless there are sufficient and collected funds in such Bank Account.

7.  The Debtor and Bank are hereby authorized to continue to perform pursuant to the terms of any prepetition agreement that exists between them relating to any Bank Account, or other cash management service relating to the Cash Management System, except to the extent expressly prohibited by this Order, and the parties to such agreements shall continue to enjoy the rights, benefits, liens, offset rights, privileges, and remedies afforded them under such agreements except to the extent expressly modified by the terms of this Order.

8.  The Debtor is authorized, but not directed, to pay or reimburse the Bank for any Bank Fees associated with the maintenance and use of the Bank Accounts, whether arising or incurred before or after the Petition Date.

9.  Bank is authorized to continue to deduct from, and to exercise rights of offset against, the appropriate Bank Account the Bank Fees owed to such Bank pursuant to the terms of any prepetition agreement that exists between such Bank and Debtor with respect to any indebtedness owed by Debtor to such Bank that arises out of or relates to the Cash Management System, regardless of whether such indebtedness was incurred or arose before or after the Petition Date and further, to charge back to the appropriate account of the Debtor any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from ACH transfers, wire transfers, or other electronic transfers of any kind (collectively, the "Returned Items") regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the Returned Items relate to prepetition or postpetition items or transfers. To the extent that a Bank's exercise of any of the rights or remedies granted

32938374v.1

under this Order, including the right of setoff recognized in this paragraph, would constitute a violation of the automatic stay imposed by section 362 of the Bankruptcy Code, such stay is hereby modified to the extent necessary to permit the Banks to exercise such rights and remedies.

10. This Order shall apply to any and all Bank Accounts in, or linked to, the Cash Management System.

11. The Debtor is authorized to deposit and invest their cash and cash equivalents in the Bank Accounts consistent with their prepetition practices and the Cash Management System.

12. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by the Debtor pursuant to the authority granted herein, as well as the exercise of any and all rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (a) any orders approving the Debtor's use of cash collateral and/or postpetition debtor-in-possession financing facilities (collectively, the "DIP Orders"); (b) other documentation governing the Debtor's use of cash collateral and postpetition financing facilities; and (c) the Budget (as defined in the DIP Orders). To the extent there is any inconsistency between the terms of any of the DIP Orders and this Interim Order, the terms of the DIP Order/s shall control.

13. Nothing contained in the Motion or this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, continuation, priority, enforceability, or perfection of any security interest or lien, in favor of any person or entity, that existed as of the Petition Date.

14. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing contained in the Motion or this Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity or

priority of any claim or lien (or the priority thereof) against the Debtor, (b) a waiver of the Debtor's or any party in interest's rights, to subsequently dispute or contest such claim or lien on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion, (e) a request or authorization to assume or adopt any agreement, contract, or lease under section 365 of the Bankruptcy Code or (f) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or applicable law.

15. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

16. A final hearing (the "Final Hearing") to consider the relief requested in the Application shall be held on August 12, 2020 at 10:00 a.m. (prevailing Central Time), in the United States Bankruptcy Court, Eastern District of Missouri, United States Courthouse, Thomas F. Eagleton Federal Building, 7th Floor, South Courtroom, 111 S. 10th Street, St. Louis, Missouri, 63102. Any objections or responses to entry of a final order on the Motion (the "Final Order") shall be filed on or before 11:59 p.m. (prevailing Central Time), on August 10, 2020, and shall be served on: (a) proposed counsel to the Debtor, Lathrop GPM, LLP, 7701 Forsyth, Suite 500, Clayton, MO 63105 Attention: Wendi Alper-Pressman; (b) the Office of the U.S. Trustee; (c) counsel to the DIP Lender; Marshall Turner, Husch Blackwell LLP, 190 Carondelet Plaza, Suite 600, St. Louis, MO 63105; (d) the Internal Revenue Service; (e) the Subchapter V Trustee, Seth Albin, 7710 Carondelet, Suite 405, Clayton, MO 63105 and (f) the holders of the 20 largest unsecured claims against the Debtor (collectively, the "Notice Parties"). In the event no objections

32938374v.1

to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

18. Not later than two (2) business days after the date of this Order, the Debtor shall serve a copy of the Order on all necessary parties and shall file a certificate of service no later than twenty-four (24) hours after service.

DATED: July 24, 2020  
St. Louis, Missouri  
mtc

BONNIE L. CLAIR  
United States Bankruptcy Judge

Order Prepared By:

Wendi Alper-Pressman (32906)  
Pierre Laclede Center  
7701 Forsyth Boulevard, Suite 500  
Clayton, Missouri 63105  
Telephone:    314.613.2800  
Telecopier:    314.613.2801

32938374v.1