# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No.: 20-43555-B169 |
| Ben F. Blanton Construction, Inc., ) | |
| ) | Proceeding Under Chapter 11 |
| Debtor. ) | |
| ) | Honorable Bonnie L. Clair |
| ) | |
| ) | Hearing Date:  August 12, 2020 |
| ) | Hearing Time:  10:00 a.m. |
| ) | Location: Courtroom 7 South |

## STARK TRUSS COMPANY, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND IN THE ALTERNATIVE MOTION TO COMPEL COMPLETION OF ARBITRATION

Stark Truss Company, Inc. ("Stark Truss") moves this honorable Court for its Order granting relief from the automatic stay, pursuant to 11 U.S.C. §362(d)(1).

Stark Truss requests an Order to allow the arbitration panel to issue its Final Award on the claims involving Stark Truss; to allow Stark Truss to confirm the Final Award with the state court; and to allow Stark Truss to seek payment under a Payment Bond issued by a third party bonding company.  Stark Truss does not seek to enforce or collect any award or judgment against Debtor or Debtor's assets outside of the bankruptcy proceedings.  Under these circumstances, relief is warranted to allow Stark Truss and Debtor's arbitration counsel to proceed with the completion of the arbitration proceedings.

In support of this Motion, Stark Truss adopts and incorporates herein by reference the authorities and arguments cited in BCC Partners, LLC's Motion for Relief from the Automatic Stay and in the Alternative, Motion to Compel Completion of Arbitration (Doc. No. 35).

As further grounds for this Motion, Stark Truss states:

1. Stark Truss is a truss and wood product manufacturer. Stark Truss was a supplier to Debtor with respect to the construction of the "Vue" multifamily residential and retail construction project in Creve Coeur, Missouri (the "Project"). Stark Truss supplied roof trusses, floor trusses, wall panels, and associated hardware to Debtor for incorporation into the Project.

2. Debtor failed to pay Stark Truss for these materials.

3. In April 2019, in accordance with the dispute resolution procedures agreed to in the contracts between Debtor and Stark Truss, Stark Truss filed an arbitration proceeding against Debtor with the American Arbitration Association to collect the balance due to Stark Truss. This proceeding was subsequently consolidated into the larger Project-related arbitration proceeding before the American Arbitration Association between BCC Partners, LLC (the Owner of the Project), Debtor, and several other of Debtor's subcontractors (the "Arbitration"), Case Number 01-18-0004-2315.

4. In the Arbitration, Stark Truss asserted a claim against Debtor for recovery of its contract balance of $124,945.09. Debtor, in turn, asserted a pass-through claim for indemnity against Stark Truss, alleging that Stark Truss's defective work caused some of the damages being sought from Debtor by BCC Partners.

5. The overall Arbitration lasted approximately five weeks. The claims involving Stark Truss were heard in the Arbitration during the week of March 9-13, 2020 (in person) and on April 7, 2020 (via Zoom videoconference).

6. On June 12, 2020, the arbitration panel issued its Interim Award.

7. The arbitration panel found in favor of Stark Truss and against Debtor on Stark Truss's contract claim and awarded the full amount sought - $124,945.09.

8. The arbitration panel found in favor of Stark Truss and against Debtor on Debtor's pass-through claim for indemnity.

9. The arbitration panel found that Stark Truss was the prevailing party and was entitled to attorneys' fees and expenses.

10. Based upon the Interim Award, the arbitration panel has fully and finally decided all issues and claims between Stark Truss and Debtor, apart from Stark Truss' claim for recovery of prejudgment interest (mandatory under Missouri law) on the amounts awarded by the arbitration panel, and for Stark Truss's attorney's fees and AAA fees and expenses (note that award of the attorney's fees, AAA fees and costs to Stark Truss is mandatory under the contract between Stark Truss and Debtor) because the arbitration panel found that Stark Truss was the prevailing party).

11. On June 19, 2020, in compliance with the arbitration panel's Interim Award, Stark Truss filed its Motion and affidavits requesting that the Final Award include prejudgment interest, attorneys' fees, and an allocation of AAA fees and expenses.

12. On July 15, 2020, the AAA notified the parties that the arbitration panel declared the evidentiary hearings closed, and advised that a final award would issue within thirty (30) days from July 13, 2020. A true and accurate copy of the July 15, 2020 notice is attached hereto as Exhibit 1.

13. On July 16, 2020, Debtor filed their Chapter 11 Petition.

14. Under these circumstances, it is clear that sufficient cause exists to grant relief from the automatic stay under 11 U.S.C. §362(d)(1). The arbitration proceeding is substantively complete. The only remaining tasks before the panel are essentially ministerial – awarding prejudgment interest and attorneys' fees and costs.

15. Of course, Stark Truss will not pursue execution or enforcement of the judgment against the Debtor or the Debtor's assets, outside of this bankruptcy proceeding. Stark Truss will solely look to the Payment Bond for payment on any Final Award and state court judgment confirming the Award, and any further claim to payment, if any such deficiency would exist, would be properly brought back before this Court pursuant to the customary claims filing process.

16. The Court should grant Stark Truss relief from the automatic stay and thereby permit Stark Truss and the arbitration panel to complete the arbitration proceedings by the issuance of a Final Award. Further, the Court should grant Stark Truss relief from the automatic stay to permit Stark Truss to confirm the Final Arbitration Award into a state court judgment.

17. Stark Truss requests that the Court's Order granting relief from stay be effective immediately and that there shall not be a stay of enforcement pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

WHEREFORE, Stark Truss Company, Inc. respectfully requests that the Court enter its Order (i) finding that cause exists in terminating the automatic stay to allow Stark Truss to pursue the completion of the pending arbitration proceedings and confirmation of a Final Arbitration Award under state court proceedings, and (ii) waiving the 14-day stay of the Order provided in Federal Rule of Bankruptcy Procedure 4001(a)(3) and (vi) granting such other and further relief as the Court deems just and proper.

                COCKRIEL & CHRISTOFFERSON, LLC

By:   /s/ Philip J. Christofferson
       Philip J. Christofferson, #MO50134
       Steven M. Cockriel, #MO33724
       3660 South Geyer Road, Suite 320
       St. Louis, Missouri 63127-1223
       314-821-4200
       314-821-4264 Fax
       pchristofferson@cockriel.com
       scockriel@cockriel.com

Attorneys for Stark Truss Company, Inc.

## CERTIFICATE OF SERVICE

      The undersigned certifies that on July 24, 2020, a copy of the foregoing pleading was filed with the Court via the CM-ECF system, which delivered electronic notice of this filing to all counsel of record.

                /s/ Philip J. Christofferson

<u>EXHIBIT I</u>

| From: | AAA Erika Kleinschmidt, Esq. |
|---|---|
| To: | AAA Erika Kleinschmidt, Esq.; Menghini, Matt; Steven Cockriel; James G. Nowogrocki; rstockenberg@sandbergphoenix.com; Mike Rolwes; Wolf, Timothy; Jenna A. Scott; Virginia.watson@btlaw.com; Lucas Ude (lude@bjpc.com); Phil Christofferson |
| Subject: | Closure of Hearings on Phase 1 : Blanton v. BCC Partners - 01-18-0004-2315 |
| Date: | Wednesday, July 15, 2020 1:23:52 PM |
| Attachments: | image735c6d.PNG |

Counsel,

The Panel has confirmed that all submissions for Phase 1 of the hearing have been received and the evidentiary hearings for this phase declared closed. The final award will be due 30 days from July 13th.

Regards,

Erika



**Erika Kleinschmidt**

American Arbitration Association

13727 Noel Road, Suite 700, Dallas, TX 75240
T: 800 804 9793  F: 855 267 4082  E: ErikaKleinschmidt@adr.org
adr.org | icdr.org | aaamediation.org

Rod Toben, Vice President
Dallas Regional Office



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.